966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Jose Rodriguez AGUILAR, Appellant.
 No. 91-3736.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 8, 1992.
Filed: June 22, 1992.
 
 Before WOLLMAN, Circuit Judge, BRIGHT, and ROSS, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Jose Rodriguez Aguilar appeals the 228-month sentence imposed by the district court[1] upon a jury verdict finding him guilty of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. For reversal, Aguilar contends that the district court erred in finding for sentencing purposes that he was responsible for forty kilograms of cocaine and that he acted as a manager or supervisor in the conspiracy. We affirm.
 
 
 2
 Several of Aguilar's co-conspirators testified at his trial. Fernando Hernandez, the leader of the conspiracy, testified that Aguilar began working for him in the spring of 1990 and that there were twenty coconspirators involved in the operation. Hernandez introduced Aguilar to his sources, and Aguilar became involved in regularly obtaining multi-kilogram quantities of cocaine from the sources. Hernandez also introduced Aguilar to his distributors, and Aguilar began taking their orders and making the deliveries. Hernandez testified that Aguilar ran the operation while he, Hernandez, was out of the country for about a month and that Aguilar continued attempts to collect payments from the distributors after Hernandez was arrested. Hernandez further testified that, during the period he was associated with Aguilar, they obtained and distributed about forty kilograms of cocaine.
 
 
 3
 William Vandermark, a coconspirator, testified that Aguilar made deliveries of cocaine and collected payments for Hernandez. Jeffrey King, another coconspirator, testified that Aguilar acted as a middleman so that Hernandez would not have to deal directly with King and other distributors. A Drug Enforcement Administration agent, Steven Hummel, testified that Aguilar stated he could personally obtain large quantities of cocaine from a drug source in Chicago.
 
 
 4
 At sentencing, Aguilar testified that he was merely a delivery person or "mule." He testified that he was only involved with a total of five to six kilograms of cocaine. He denied that he took over the business while Hernandez was out of the country. He also denied he ever picked up or received shipments from Hernandez's sources. He admitted, however, that he told Agent Hummel he could obtain any quantity of cocaine from these sources without Hernandez's involvement.
 
 
 5
 The district court found that Hernandez "testified truthfully" and that Aguilar's testimony lacked credibility. The court found that Aguilar was personally involved with about forty kilograms of cocaine and was a manager or supervisor in the conspiracy. Thus, the court determined that Aguilar's base offense level was 34, see U.S.S.G. § 2D1.1(c)(5) (base offense level of 34 where offense involves between fifteen and fifty kilograms of cocaine), and that a three-level increase was appropriate because Aguilar was a manager or supervisor, see U.S.S.G. § 3B1.1(b) (increase three levels if defendant was manager or supervisor of criminal activity involving five or more participants). Based on a total offense level of 37 and Aguilar's criminal history category of I, the Guidelines sentencing range was 210 to 262 months.
 
 
 6
 In reviewing an appeal of a sentence under the Sentencing Guidelines, this court must "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(e); see also United States v. Lawrence, 915 F.2d 402, 405 (8th Cir. 1990). The district court's findings that Aguilar was involved with forty kilograms of cocaine and that he was a manager or supervisor of the illegal operation were based on the direct testimony of the leader of the conspiracy, which was substantially corroborated by other witnesses. The district court was in the best position to judge the witnesses' credibility, and it found that Hernandez was more credible than Aguilar. We have thoroughly reviewed the record and conclude that the district court's findings are not clearly erroneous.
 
 
 7
 The sentence is affirmed.
 
 
 
 [1]
 The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa